UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN BAITINGER, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:24-CV-4  HEA ) |
| CHIPPEWA PROPERTIES, LLC, | ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ann Baitinger's Motion to Remand, which asserts that the removal of this case was untimely under 28 U.S.C. § 1446(b). Defendant Chippewa Properties, LLC opposes the motion.  For the following reasons, the Court concludes that Defendant's removal of this case was timely and Plaintiff's motion will be denied.

*Background*

Defendant removed this cause of action from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1]  Plaintiff initially filed suit against Chippewa Properties, LLC, in the Circuit Court of the City of St. Louis, Missouri on August 30, 2023.  In her state court Petition, Plaintiff alleges that on November 5,

---

[1] According to Defendant's Notice of Removal and Disclosure Statement, Plaintiff Ann Baitinger is a citizen of Missouri, and Defendant Chippewa Properties, LLC is an Illinois Limited Liability Company with its only member being Kellie Evans, a citizen of Illinois.  (ECF Nos. 1 and 6).

2022, she was helping her daughter move materials out of an apartment located at 4206 Hereford Street, St. Louis, Missouri 63109, which is owned and operated by Chippewa Properties, LLC.  Plaintiff alleges that when she exited the main door, she stepped down on an area of deteriorated pavement "causing her to roll her ankle." (ECF No. 2 at 2).  Plaintiff alleges that she sustained injuries, including a displaced fracture to her right ankle.  Plaintiff brings a claim for state common law negligence and seeks damages for past and future medical expenses and loss of income, as well as diminished earning capacity.  Plaintiff seeks "an amount that is fair and reasonable in excess of $25,000.00" for prejudgment interests, and costs. (*Id.* at 3). Plaintiff's allegations are in accordance with Missouri pleading requirements, which prohibit a plaintiff claiming tort damages from pleading a monetary amount of damages, except to determine the proper jurisdictional authority.  *See* Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 517.011.1(1).

Plaintiff originally attempted to serve Chippewa Properties, LLC, a Missouri Limited Liability Company.  On September 25, 2023, she learned that the apartment at 4206 Hereford St. was owned by Chippewa Properties, LLC, an Illinois Limited Liability Company.  Plaintiff located an Illinois Limited Liability Company named Chippewa Properties, LLC with Eric Evans as registered agent.  Mr. Evans, however, had died in July 2023.  On September 28, 2023, Plaintiff's counsel contacted Amy Allen, who was handling Mr. Evans's estate, and provided Ms. Allen a filed-stamped copy of the Petition.  On October 3, 2023, Ruth Drake, a senior claims examiner with

Nautilus Insurance Group sent email correspondence to Plaintiff's counsel asking for his consent to a 30-day extension of time for Chippewa Properties, LLC to file an appearance in the state court suit and answer, to which Plaintiff's counsel agreed.  On October 19, 2023, prior to Defendant's limited entry of appearance, Kellie Evans became the new registered agent for Chippewa Properties, LLC.  On October 30, 2023, Defendant's counsel filed a Special and Limited Entry of Appearance and Motion to Dismiss and/or Quash for Insufficiency of Service of Process pursuant to Rule 5527(A)(5) of the Missouri Rules of Civil Procedure in the Circuit Court of the City of St. Louis.  It appears to be undisputed that Plaintiff has never served Ms. Evans or the Illinois Secretary of State with summons and a copy of the Petition.

On December 7, 2023, Defendant's counsel received from Plaintiff's counsel copies of medical bills that were in excess of $75,000.00.  Prior to that date, Defendant's counsel had not received a demand from Plaintiff. Defendant removed the cause of action on the basis of diversity jurisdiction on January 2, 2024.  Plaintiff argues the removal was untimely in that it was filed more than 30 days after Defendant received a copy of the initial pleading.

## *Legal Standard*

A case may be removed to federal court only if it could have been brought in federal court originally. 28 U.S.C. § 1441; *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  Therefore, either the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a

federal question pursuant to 28 U.S.C. § 1331. A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000, and there is complete diversity of citizenship between plaintiffs and defendants. 28 U.S.C. § 1332(a); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991).

Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. Defendants seeking to remove a civil case from state court must file a Notice of Removal, which sets forth the grounds for removal. 28 U.S.C. § 1446(a). As for timing, under the statute, the notice of removal "shall be filed within 30 days" from the time the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1). But if the case is not initially removable when filed and it becomes subsequently removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Where complete subject matter jurisdiction is lacking or the removal was defective, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The party seeking removal and opposing a motion to remand bears the burden of establishing the removal was proper and federal jurisdiction exists. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

## *Discussion*

In support of her motion to remand, Plaintiff argues that she took "all reasonable steps to notify Defendant of the pending lawsuit," and Defendant's Notice of Removal was untimely because it was filed more than 30 days after Defendant received a copy of her state court Petition. Receipt of the complaint or petition without formal service is insufficient to commence the limitations period for removal. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). Instead, a defendant's "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service of otherwise,' after and apart from service of the summons[.]" *Id.* at 348-49. Plaintiff concedes she never formally served Defendant with service of process. She never delivered the petition to any officer, managing agent, general agent, or to any agent authorized by law to receive service of process. Mo. Sup. Ct. R. 54.13 and 54.15.[2] Consequently, Defendant's removal was not untimely. 28 U.S.C. § 1446(a); *Murphy Bros.*, 526 U.S. at 348.

Furthermore, even if Defendant had been served with summons and a copy of the petition in September or October 2023, service of the initial pleading would not have started the clock for removal. Under Eighth Circuit precedent, Missouri state

---

[2] Prior October 19, 2023, when Kelly Evans was appointed registered agent for Chippewa Properties, LLC, Plaintiff could have served Defendant by serving the Illinois Secretary of State. 805 Ill. Comp. Stat. Ann. 180/1-50. After October 19, 2023, Plaintiff could have served Defendant by serving Kelly Evans, the company's registered agent. 805 Ill. Comp. Stat. Ann. 180/1-50

5

court petitions such as Plaintiff's, which seeks an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. *See Knudson v. Sys Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (*per curiam*)). Defendant contends removal was timely because the initial petition did not explicitly disclose that Plaintiff was seeking damages in excess of $75,000, and it removed the case within thirty days after it received the medical records and bills. Defendant argues the medical records and bills were "other paper" from which it could "first be ascertained" that the case was removable based on diversity of citizenship jurisdiction. 28 U.S.C. § 1446(b)(3). Based on the record before it, the Court agrees. The Court finds Defendant's removal was timely and denies Plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ann Baitinger's Motion to Remand Case to State Court is **DENIED.** [ECF No. 13].

Dated this 29th day of July, 2024.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**